**TOHO TITANIUM COMPANY, LTD., Plaintiff,**

v.

**The UNITED STATES, the United States Department of Commerce, and the United States International Trade Commission, Defendants,**

and

**RMI Company and Titanium Metals Corporation of America, Intervenors.**

Court No. 85-1-00024.

United States Court of International Trade.

Sept. 30, 1987.

**3.** According to the plaintiff, this practice has now been codified at 19 C.F.R. § 162.74(g). *See* 51 Fed.Reg. 23047 (June 25, 1986).

Graham & James (Denis H. Oyakawa, James H. Broderick, Jr. and Patrick J. Fields), Los Angeles, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice (Sheila N. Ziff), Lisa B. Koteen, Office of the Deputy Chief Counsel for Import Admin., Washington, D.C., for defendants.

Wilmer, Cutler & Pickering (A. Douglas Melamed, John D. Greenwald and Deborah M. Levy), Washington, D.C., John F. Hornbostel, Jr., RMI Company, for intervenor RMI Co.

Pillsbury, Madison & Sutro (Donald E. deKieffer and Francis J. Sailer), Washington, D.C., Frederick W. Steinberg, Pittsburgh, Pa., Titanium Metals Corp. of America, for intervenor Titanium Metals Corp. of America.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

Plaintiff, Toho Titanium Company, Ltd. (Toho), a Japanese exporter of titanium sponge, brought this action challenging the final determination by the United States Department of Commerce, International Trade Administration (Commerce) that titanium sponge from Japan is being sold in the United States at less than fair value. *Titanium Sponge From Japan: Final Determination of Sales at Less Than Fair Value,* 49 Fed.Reg. 38,687 (Oct. 1, 1984). Toho contested Commerce's decision to use constructed value rather than sales of titanium sponge in Japan as the basis for determining foreign market value. Pursuant to section 773(b) of the Tariff Act of 1930 (Act), as amended, 19 U.S.C. § 1677b(b) (1982), Commerce must use sales in the home market to calculate foreign market value unless it determines that home market sales have been made at a price less than the cost of production over an extended period of time in substantial quantities and at prices which will not permit recovery of all costs within a reasonable period of time in the normal course of trade.

In its opinion on Toho's motion for a judgment upon the agency record under Rule 56.1, this Court held that "there is substantial evidence on the record supporting Commerce's determination that below cost of production sales were made over an extended period of time and in substantial quantities for the Japanese titanium sponge industry." *Toho Titanium Co. v. United States,* 11 CIT ——, 657 F.Supp 1280, 1285 (1987). The Court remanded the action to Commerce, however, for an explanation on the record as to why Toho will not be able to recoup its costs over a reasonable period of time in the normal course of trade from sales at prices charged during the investigatory period. *Id.,* 657 F.Supp. at 1286.

The Court found such an explanation was required before it could evaluate whether the data gathered by Commerce during its investigation provided substantial evidence to support the determination that sales at the prices charged below cost will not permit recovery of all costs within a reasonable period of time in the normal course of trade. The Court stated that Commerce *"may* rely on data covering only a six-month period" as long as such data provided substantial evidence to support Commerce's determination on this issue. *Id.*

If Commerce's determination on this issue is found not to be supported by substantial evidence, the Court must hold it unlawful pursuant to the standard of review provided under section 516A(a)(2) of the Act, as amended, 19 U.S.C. § 1516a(a)(2) (1982). Commerce then would be required to use sales of titanium sponge in Japan to determine foreign market value rather than constructed value. On remand, therefore, Commerce was directed to show the Court that the determination that Toho will not be able to recover all costs within a reasonable period of time in the normal course of trade from sales at the prices charged during the investigation period is supported by substantial evidence on the record.

In its remand results, Commerce first states: "One hundred percent of Toho's home market sales were made at prices below its cost of production during the period of investigation. It is the Department's practice reasonably to assume that when 100 percent of sales are at prices below the cost of production, those prices will not permit recovery of all costs within a reasonable period of time in the normal course of trade." *Results of Remand Proceeding, Toho Titanium Company, Ltd. v. United States,* Court No. 85–1–00024 (April 16, 1987) (*Results of Remand*) at 2.

As noted in the Court's earlier opinion, the legislative history pertinent to 19 U.S.C. § 1677b(b) advises Commerce to be careful in reaching its determinations under this section. *Toho Titanium,* 657 F.Supp. at 1285–86. When discussing section 321 of the Trade Act of 1974, the section which added subsection (b) to section 205 of the Antidumping Act of 1921 (the predecessor to section 1677b(b)), Congress indicated that sales of certain products, such as commercial aircraft, should be carefully evaluated because such products "typically require large research and development costs which could not reasonably be recovered in the first year or two of sales." S.Rep. No. 1298, 93rd Cong., 2d Sess. 173 (1974), *reprinted in* 1974 U.S.Code Cong. & Admin. News 7186, 7310; *see also* H.R.Rep. No. 571, 93rd Cong., 1st Sess. 71 (1973).

■ Commerce should not assume as a matter of department practice, therefore, that a company cannot recoup its costs in a reasonable period of time in the normal course of trade even where 100% of home market sales over a six-month investigatory period are made at prices below the cost of production. A company may be justified in taking a loss over an even greater period of time if it expects sales to increase and production costs to decrease, perhaps due to more efficient production and the averaging of initial investment costs over time. The Court does not find the assumption drawn by Commerce from the percentage of sales made below cost of production during the investigatory period to be evidence in support of the determination at issue.

Commerce next states:

The record in this proceeding does not provide any basis to conclude that Toho's cost or prices were changing to an extent that would permit the company to recover all costs within any reasonable time period. Toho submitted cost data to the Department of Commerce on (1) its cost of manufacturing titanium sponge, (2) its cost of financing sponge production and sales, and (3) its selling, general and administrative ("GS & A") expenses associated with titanium sponge production and sales. The costs that were submitted by Toho do not show any significant trend up or down.

*Results of Remand* at 2–3.

■ These statements indicate to the Court that Commerce did not fully under-

stand the purpose of a remand in this action. The issue on remand is not whether the record supports the conclusion that Toho would be able to recover its costs at the prices charged during the investigatory period within a reasonable period of time in the normal course of trade, but whether there is substantial evidence on the record supporting Commerce's determination that Toho *could not recover* its costs at these prices in such time period.

■ The conclusion by Commerce that costs data collected over six-months "do not show any significant trends up or down" does not, in and of itself, provide evidence to support Commerce's determination. Commerce may be able to demonstrate to the Court, using either the data already collected or, if necessary, by collecting further data, that Toho's cost of production will remain essentially the same for a reasonable period of time in the normal course of trade such that Toho could not recoup its costs at the investigatory prices (found to be below production cost) in such time period. Finding on remand that the costs data do not show any changing trends without offering supporting calculations or an analytical explanation, however, is not sufficient evidence to persuade the Court on this point.

Toho argues in its reply to the remand results that Commerce could not accurately project future production costs using only six-months of data, especially when such data was collected at a time Toho was operating at only 35% capacity. According to Toho, Commerce would need data demonstrating that per unit costs would not decrease in the future as sales increased before determining that sales at the prices charged during the investigation period would not allow recoupment of all costs within a reasonable period of time in the normal course of trade.

At this time, the Court will not speculate on whether Commerce can demonstrate from the data collected that production costs will not decline below the investigatory sales prices within a reasonable period of time in the normal course of trade. This is the issue the Court remanded to Commerce that the Court now finds was not adequately addressed on remand. The Court believes, however, that the capacity at which Toho was operating when the data was collected is one among many relevant factors Commerce should consider when projecting production costs of future transactions.

In its remand results, Commerce also states that inaccuracies existed in Toho's questionnaire responses which were discovered and corrected during verification. These corrections made the verified costs of production higher than initially claimed by Toho. The Court finds this point irrelevant to the issue on remand of whether Commerce's determination that sales by Toho at the prices charged during the investigatory period will not allow recovery of all costs within a reasonable period of time in the normal course of trade is supported by substantial evidence on the record.

A final point raised by Commerce on remand concerns its conclusion that Toho "presented no verifiable evidence of future profitability." *Id.* at 4. Commerce says the financial projections Toho offered were too late to be verified and thus it relied upon the best information available as directed by 19 U.S.C. § 1677e (1982 & Supp. III 1985).

The Court recognizes that Commerce is authorized to use the best information available when it is unable to verify information provided or the information is not produced in a timely manner. Commerce's reliance on the best information available, however, does not relieve the Court of its task of deciding whether the information relied on as the best evidence provides substantial evidence on the record in support of Commerce's determination. *See Atlantic Sugar, Ltd. v. United States,* 744 F.2d 1556, 1561 (Fed.Cir.1984). Again the question on remand is not whether the record supports the conclusion that Toho would be able to recover its costs at the investigatory sales prices within a reasonable period of time in the normal course of trade, but whether Commerce's determination that Toho could not recover its costs in such

time period is supported by substantial evidence on the record.

After reviewing the remand results and the briefs of the parties regarding such results, the Court is unable to conclude whether or not substantial evidence exists on the record to support Commerce's determination regarding this question. Because the Court finds Commerce did not adequately respond to the question posed by the remand, perhaps because Commerce misunderstood the purpose of the remand, the Court again remands the action to Commerce for an explanation as to why Toho will not be able to recoup its costs from sales at the investigatory prices within a reasonable period of time in the normal course of trade.

The Court expects Commerce in its explanation to specify what evidence on the record supports its determination. Commerce may continue to rely on data for a six-month period or, if it finds it necessary, may collect additional data. If Commerce finds that it cannot provide substantial evidence to support its determination, it shall use sales in the home market Japan to calculate foreign market value.

Commerce shall file with the Court within 30 days its new remand results. Plaintiff shall file any comments on these results within 15 days after the results are filed, and defendants and intervenors shall respond within 10 days after the filing of plaintiff's comments.

So ordered.